IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VICKIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4065-CV-C-WAK |
| | ) | |
| CAMDEN COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is defendant's motion of May 20, 2005, for partial summary judgment. Defendant asserts that Count II of plaintiff's complaint, brought under the Missouri Human Rights Act, is subject to dismissal because plaintiff did not receive a right-to-sue letter from the Missouri Commission on Human Rights. Defendant also claims the undisputed facts do not support plaintiff's sexual harassment claim. Plaintiff did not respond in opposition to the motion within the time limits set by W.D. Mo. R. 56.1 or the court's order of June 20, 2005. Accordingly, a brief telephone conference was held on July 27, 2005, to discuss the matter. At that time, plaintiff's counsel informed the court that no suggestions in opposition to the motion would be filed.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories,

and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex*, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

Defendant first seeks judgment on Count II of plaintiff's complaint, which was brought under the Missouri Human Rights Act. A condition precedent to an action under the MHRA is a "right to sue" letter issued by the Missouri Human Rights Commission. *Whitmore v. O'Connor Management, Inc.*, 156 F.3d 796, 800 (8th Cir. 1998). Although plaintiff apparently received a "right to sue" letter from the EEOC, that letter is not a substitute or equivalent of one issued by the MHRC. *Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 136 (Mo. App. 2003).

Plaintiff acknowledges that she did not receive a "right to sue" letter from the MHRC and that judgment on Count II is warranted.

Defendant next seeks judgment on plaintiff's claim for sexual harassment as set forth in Count I. At the conference, plaintiff asserted that Count I was for gender discrimination rather than sexual harassment and that sexual harassment was not a claim being made.

In paragraph 13(e) of the complaint, plaintiff asserts that "[m]ale employees watched X-rated videos, engaged in lewd and lascivious behavior around her, hung sexually suggestive pictures in common areas, etc. Although she complained many times about such

2

conduct to supervisors, the practice continued until plaintiff filed a charge of discrimination." Thus, to some extent, plaintiff has raised the issue of sexual harassment.

One of the elements required to make a prima facie case of sexual harassment is that the harassment affected a term, condition or privilege of employment. *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1047 (8th Cir. 2005). To affect the term, condition or privilege of employment, the harassment must be sufficiently severe or pervasive to create an objectively hostile work environment. It must be extreme, not merely offensive, immature or unprofessional. *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d at 1047.

Defendant asserts that the incidents referred to in the complaint were isolated, occurred over a number of years and were generally not directed toward plaintiff; thus, there was no objectively hostile work environment. Plaintiff does not dispute this characterization of the evidence or otherwise assert that she has made out a prima facie case of sexual harassment. Thus, to the extent plaintiff's complaint alleges sexual harassment, that claim is dismissed.

IT IS, THEREFORE, ORDERED that defendant's motion of May 20, 2005, for summary judgment on Count II of the complaint is granted. It is further

ORDERED that defendant's motion of May 20, 2005, for summary judgment on the sexual harassment portion of Count I of the complaint is granted [19].

Dated this 28th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3